UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-111-FDW

| | |
|---|---|
| HUBERT JEFFERY MANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SOUTHERN HEALTH ) | |
| PARTNERS, INC.; HEATHER LNU, ) | |
| Nurse; JASON LNU, Nurse; ) | |
| ANNE LNU, Head Nurse; ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

### I. BACKGROUND

At the time Plaintiff filed his complaint, he was housed in the Iredell County Detention Facility following his transfer from Tillery Correctional Institution. While incarcerated as a prisoner of the State of North Carolina at Tillery Correctional, Plaintiff was prescribed medication to treat his prostate. Prior to his release from Tillery, Plaintiff was provided with a 30-day prescription for the month of July 2014. Plaintiff was arrested for unspecified reasons by the Halifax Sheriff's Department immediately following his release from Tillery and transferred to Iredell County Detention Center.

After the transfer, Plaintiff's prostate medication was turned over to Officer Grant who then took the medication to the nurse's station. That very night, Plaintiff asked an unidentified nurse for his prostate medication but the nurse would not provide it until a doctor authorized the medication. (5:14-cv-111, Doc. No. 1 at 5). Plaintiff also contends that Nurse Heather refused to

1

provide him with his prostate medication on one occasion a day or so after he arrived at Iredell County Detention Center. Plaintiff then wrote Nurse Anne in an effort to obtain his prostate medication, but she would not provide the medication because an unnamed doctor twice refused to allow him to have the medication. (Id. at 6). Plaintiff further alleges that Nurses Heather, Anne and Jason refused to provide him with the name of his prostate medication prior to the filing of the present complaint and that Nurse Jason had looked for the medication but he could not locate it. (Id.).

In his claim for relief, Plaintiff is seeking, among other things, $25 million in compensatory damages for pain and suffering and emotional distress.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In his § 1983 complaint, Plaintiff contends that he is being refused his prostate medication. Although he does state so specifically, in essence Plaintiff is alleging that the defendant nurses are being deliberately indifferent to his serious medical needs. In <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994), the Supreme Court held that a jail official does not act with "deliberate indifference" towards an inmate's needs "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Although <u>Farmer</u> was considered under the provisions of the Eighth Amendment because the plaintiff was a convicted prisoner, the Fourth Circuit has extended <u>Farmer</u>'s application to the claims of pretrial detainees, such as Plaintiff Manley in the present case. <u>See, e.g.</u>, <u>Brown v. Harris</u>, 240 F.3d 383, 388 n.6 (4th Cir. 2001) (under <u>Farmer v. Brennan</u>, "the same 'deliberate indifference' standard applies to both inmates and pretrial detainees").

In his complaint, Plaintiff notes that the defendant nurses did not provide him with his prostate medication because the <u>doctor</u> had refused to authorize the medication. Indeed, Plaintiff explains that he was expected to place a sick call in order to get his medication but he refused to do so because (1) it would cost $20, and (2) Dr. Lane had already prescribed the medication while he was still in custody in State prison. (5:14-cv-111, Doc. No. 1 at 4). After considering these allegations, it would appear that the nurses had no authority to provide Plaintiff with the prostate medication unless and until a doctor prescribed the medication, and that Plaintiff refused to follow the sick-call procedure in order to obtain the medication. <u>See</u> <u>Webb v. Hamidullah</u>, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.") (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976) (a prisoner

3

may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care."). Based on the foregoing, the Court finds that Plaintiff has failed to state a claim of deliberate indifference against the defendant nurses because by his own admission, the nurses believed that they could not provide him with the medication until they were authorized to do so by an unnamed doctor. Moreover, Plaintiff does not name the doctor that allegedly refused to authorize his prostate medication as a defendant in his complaint. Finally, Plaintiff's contention that the nurses refused to provide him the name of the prostate medication fails to state a violation of § 1983. Put simply, the name of the medication is immaterial to the issue of whether his constitutional right to receive prostate medication was violated.

Plaintiff's complaint against Defendant Southern Health Partners, Inc. must also fail. Plaintiff alleges that each of the defendant nurses are employed by Southern Health Partners, Inc.; however, he has provided no allegations that this company knew of, or condoned the nurse's refusal to provide the medication or that the company hired the unnamed doctor that refused the medication. And in any event, Plaintiff has failed to state a claim against the defendant nurses so it follows that he cannot therefore attribute liability to Southern Health Partners, Inc.

For the reasons stated herein, the Court finds that Plaintiff's has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge